THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| SOUTHERN MARSH COLLECTION, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 4:22-CV-0059-BO |
| v. ) | |
| ) | |
| THE COCKLEBUR CREEK COMPANY, ) | |
| LLC d/b/a DUCK DOG CLOTHING CO., ) | |
| ) | |
| Defendant ) | |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff Southern Marsh Collection, LLC ("Southern Marsh") and Defendant The Cocklebur Creek Company, LLC d/b/a Duck Dog Clothing Co. ("Defendant"), by their counsel, as evidenced from their respective signatures below, desire to enter into an agreement relating to the confidentiality of documents and other information (collectively "Information") that may be disclosed, produced or submitted in connection with this action pursuant to Federal Rule of Civil Procedure 26.

NOW, THEREFORE, the parties agree as follows:

1. This agreement and order governs all Information disclosed, produced or submitted by any party to any other party at any time (including prior to entry of this Order) in connection with this action and designated by the producing party as "Confidential." All Information designated as Confidential ("Confidential Information") may only be used for purposes of this litigation and disclosure is limited as indicated below.

2. This Order is entered for purposes of this action and shall remain in full force and effect unless modified by an Order of the Court or by the written stipulation of the parties filed with the Court. This Order will not be used in any manner or form, directly or indirectly, as

Page 1
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

evidence in any trial or any hearing to support the proposition that any party concedes that any information or document is proprietary or confidential. This Order may be used and referenced at any hearing which involves issues related to the enforcement of any provision of this Order.

3. "Confidential Information" shall mean all information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided in this Order that is produced or otherwise disclosed in connection with this action including, but not limited to, the following materials or portions thereof so designated: (a) all documents and things and copies thereof, (b) written discovery requests and responses thereto, and (c) all testimony given in this action by witnesses, whether by deposition or at trial, including all transcripts thereof. "Confidential Information" includes confidential business, technical or financial information or other data or material a party considers as confidential or private.

4. Confidential Information in documentary or written form shall be designated as confidential by marking each page of the document or writing containing Confidential Information as "CONFIDENTIAL" or by written notice to all parties receiving the documents or written materials identifying which portions thereof are designated as "CONFIDENTIAL." If marked on a document, this designation shall be plainly legible on each page of each document and may be made on the original document or copies thereof that are produced or exchanged.

5. Information designated as Confidential may not be disclosed to any person other than the following:

   (a) Counsel of record for the parties in the above-captioned action, including in-house counsel and other litigation counsel engaged in assisting counsel of record on this case and their secretaries, paralegals or other support personnel involved in this litigation;

   (b) A party or officers, directors, employees or authorized agents of the parties who have a need to view the documents in order to assist in prosecuting or defending this litigation (collectively, "Party Employees");

(c) Outside experts, consultants, witnesses and litigation support personnel working with counsel of record;

(d) Witnesses at a deposition or trial where disclosure is reasonably necessary for purposes of the case;

(e) The Court, its staff and jurors selected in this action including all appellate courts;

(f) An author or recipient of the original Information;

(g) Mediators and/or Facilitators.

6. Subject to the claw back provision provided herein below, information shall not be considered Confidential Information if it: (i) is public knowledge; (ii) becomes public knowledge other than through disclosure in violation of this Protective Order or through violation of a confidentiality agreement or representation; or (iii) is approved for release by authorization of the provider of the Confidential Information, but only to the extent of authorization.

7. The parties may, by further agreement, or by further order of the Court, make this agreement and order more restrictive or less restrictive as to particular Information than as provided herein.

8. In the event that any party wishes to provide Confidential Information to a third party, other than those qualified individuals defined in paragraph 5, the disclosing party shall, at least seven (7) days prior to the proposed disclosure, serve (such service to be complete upon receipt) upon all other counsel of record a written notice specifying: (a) the name, address, business or professional affiliation, and title or position of such person; and (b) the particular items of Confidential Information which the party proposes to disclose. If an objection to such disclosure is made by any party within seven (7) days (such service to be complete upon receipt), no such disclosure shall be made by the disclosing party unless and until authorized by the Court.

9. Each person to whom Confidential Information is to be made available, except for

the persons identified in paragraph 5 (a), (e), (f), and (g), shall first acknowledge in writing that they have reviewed the terms of this Agreed Confidentiality Agreement and Protective Order and are subject to the jurisdiction of this Court in enforcing this Protective Order, by executing the form Nondisclosure Agreement attached hereto as Exhibit "A."

10. All persons to whom Confidential Information is disclosed pursuant to this agreement and order shall:

    (a) Be responsible for keeping such custody and control over such Confidential Information so as to assure that it is not lost, misplaced or inadvertently disclosed in violation of this agreement and order;

    (b) Not reveal the contents of the Confidential Information to any person not subject to the terms of this agreement and order; and

    (c) Not reveal or use the contents of the Confidential Information except for the purposes set forth in this agreement and order.

11. Confidential Information may be further designated by a party as "Confidential—Attorneys' Eyes Only" by marking such information "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or by written notice to all parties receiving the documents or written materials identifying which portions thereof are designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If marked on a document, this designation shall be plainly legible on each page of each document and may be made on the original document or copies thereof that are produced or exchanged. All documents or things designated as "Confidential--Attorneys' Eyes Only" are included within the meaning of Confidential Information as used in this Order, and all provisions of this Order apply to such Information. Any such Information includes the most sensitive business, technical or financial Information of a party of which direct disclosure to the opposing party could result in prejudice or harm. Subject to the provisions of this Order, a party who receives documents or information designated as "Confidential – Attorneys' Eyes Only" information shall only give,

show, disclose, make available, or communicate the documents and information to the persons identified in paragraphs 5(a), (c), (d), (e), (f) and (g).

12. No person, firm, corporation, or other entity shall use Confidential Information received from another party in any manner whatsoever except for purposes of this action (such as, for example, discovery, motion practice, other pre-trial proceedings, preparation for trial, trial, and any appeal of this action). Furthermore, no person, firm, corporation or other entity subject to this Order shall give, show, disclose, make available or communicate Confidential Information received from another party to any person, firm, corporation or other entity not expressly authorized by this Order to receive such Confidential Information.

13. In accordance with § V.G(1)(e) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"), in the event that a filing Party seeks to file materials that have been designated "CONFIDENTIAL," or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," by another Party, individual or non-party, the filing Party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2, with notice served on the Party, individual or non-party who desires to maintain the materials under seal. In accordance § V.G(1)(e)(i), the filing Party will submit a notice of filing in lieu of a motion to seal and the filing of these third party material under seal, by itself, shall not be binding on the Court. However, documents submitted under seal in accordance with § V.G(1)(e) will remain under seal pending the Court's ruling on the motion to seal. Within seven (7) days after such notice, the Party, individual or non-party shall file a motion to seal and supporting memorandum in accordance with § V.G(1) of the Policy Manual. Where a Party seeks to submit documents to the Court which have been designated "CONFIDENTIAL" or "CONFIDENTIAL —ATTORNEYS' EYES ONLY" by the submitting Party, the submitting Party may, in its discretion, bring a motion to file such

documents under seal pursuant to Local Civil Rules 7.1, 79.2, and § V.G(1) of the Court's Policy Manual. Where a submitting Party intentionally declines to seek an order sealing documents submitted to the Court designated as containing its own Confidential Information, the submitted material will no longer qualify for protection and subsequent treatment as containing Confidential Information under this Stipulated Protective Order.

In accordance with the Section G of the Policy Manual, except for motions filed under seal in accordance with Section V.G(1)(f) of the Policy Manual, each time a Party seeks to file under seal, said Party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing Party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing Party must submit a supporting memorandum that specifies: (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. In addition to the motion and supporting memorandum of law, the filing Party must set out such findings in a proposed order to seal.

14. Any deposition transcripts or any portion thereof, including exhibits, may also be designated as Confidential Information by having counsel for a party designate on the record prior to such disclosure or any time before the deposition, hearing or other proceedings is adjourned, or after receipt of the transcript of such testimony that such testimony is "Confidential" or "Confidential – Attorneys' Eyes Only." The transcript or portion thereof so designated shall be subject to this Order from and after the date of the designation as "Confidential" or "Confidential

– Attorneys' Eyes Only." In such situations, the question(s) and answer(s) designated by counsel as pertaining to Confidential Information, at the option of the designating party, may be transcribed separately from the remainder of the deposition, hearing or other proceeding.

15. If any party objects to the designation of any material as Confidential Information or to the level of such designation, the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, the party objecting to the designation shall have 14 days from the date of such written notice within which to move the Court for a judicial determination of whether the materials were properly designated. Until the Court rules on any such motion, the documents marked as Confidential Information shall continue to be deemed to have the designation of the party who made the designation under the terms of this Order. If the party objecting to the designation does not file such a motion within the aforementioned 14-day period, the documents or other materials identified in the written notice shall be subject to protection under this Order.

16. Counsel for any party may exclude from the room during a deposition, hearing or other proceedings, any person (other than the witness who is then testifying) who is not entitled under this Order to receive the particular Confidential Information. However, under no circumstances shall a party (and for corporate parties their representative at trial) be required to be absent during any portion of the trial of this cause.

17. The procedure set forth herein shall not affect the rights of the parties to object to discovery on any grounds, nor shall it relieve a party of the necessity of proper response or objection to discovery requests, nor shall it limit or preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or from applying to the Court for relief from this Protective Order. Nor shall this Order

Page 7

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Case 4:22-cv-00059-BO   Document 30   Filed 03/17/23   Page 7 of 11

affect the status of any information or documents as a trade secret or as any other type of confidential or proprietary information or documents, any party's right to use the information and documents that it designates as Confidential Information in its sole and complete discretion, or any party's right in any proceeding to object to the admission of any evidence on any ground.

18. Within sixty (60) days after the conclusion of this action including appeals, all documents designated by the other party as containing Confidential Information under the terms of this Order shall be destroyed or delivered to counsel for the designating party, unless otherwise agreed to in writing. Provided, however, that the law firms representing the parties as trial counsel in this cause shall not be obligated to remove any documents, summaries, memoranda, attorney-work product or pleadings from their files, to remove, delete or alter any electronic databases or to alter any "back-up tapes" or other electronic copies of data maintained by the law firms for use to retrieve electronic data, including those maintained for the purpose of a computer system failure or other loss of data.

19. The inadvertent or unintentional production of discovery containing confidential or secret information without being designated as Confidential Information at the time of the production or disclosure shall not be deemed waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific discovery produced or as to any other discovery relating thereto or on the same related subject matter. Documents, transcripts or information containing confidential or secret information inadvertently or unintentionally produced without being designated as Confidential Material may be retroactively designated by notice in writing of the designated class of each document by Bates number, and for other materials by identifying the materials at issue, and the documents or materials shall be treated appropriately from the date written notice of the designation is provided to the receiving party. To the extent that, prior to

Page 8

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Case 4:22-cv-00059-BO   Document 30   Filed 03/17/23   Page 8 of 11

such notice, a party receiving the document or information may have disclosed it to persons other than those persons allowed to view such materials pursuant to this Order, the party shall not be deemed to have violated this Order, but the party shall make reasonable efforts to retrieve the document or information promptly from such person and to limit any further disclosure pursuant to this Order.

20. The designation of a document as "Confidential," "Confidential–Attorneys' Eyes Only" or any lack of objection to such designation will not be used in any manner to infer any admission as to the parties' position as to the merits of the case.

21. Nothing herein shall be construed to in any way prevent the use of such Confidential Information at any mediation, facilitation, pre-trial hearing, trial or in preparing for trial or any appeal.

23. Nothing in this Order precludes a party's counsel from generally describing Confidential Information, without revealing the details thereof, to his or her client or advising them about the case or settlement issues.

22. Any third-party from whom discovery is sought in this lawsuit may produce Information subject to the provisions of this Order and designate Information as "Confidential" or "Confidential—Attorneys' Eyes Only."

23. The confidentiality obligations of this agreement and order shall continue while the district court, or any appellate court, has jurisdiction over this matter, and shall survive the conclusion of this action for the purpose of returning or destroying documents and Confidential Information, unless modified by further order of the Court.

SO ORDERED on this <u>16th</u> day of March, 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**AGREED AND APPROVED**:

## EXHIBIT A

Nondisclosure Agreement concerning material covered by a Confidentiality Agreement and Protective Order entered in the case entitled *Southern Marsh Collection, LLC v. The Cocklebur Creek Company, LLC d/b/a Duck Dog Clothing Co.* in the United States District Court for the Eastern District of North Carolina, New Bern Division.

I hereby acknowledge that I have read the above-referenced Confidentiality Agreement and Protective Order (hereinafter "Order") entered in the above-referenced cause, and I acknowledge and declare that I understand the terms thereof, and that I agree to be bound by the terms thereof. I further agree that I will not at any time use or disclose "Confidential Information," as that term is defined in such order, received by me in the course of this lawsuit that is subject to the Order except for purposes of this lawsuit or as may be required by the court or counsel for a party to this lawsuit.

Dated: _____

_____
[Print Full Name]

_____
[Signature]